On March 30, 1988, the defendant pleaded guilty to four counts of rape of a child under the age of sixteen, in violation of G. L. c. 265, § 23. A Superior Court judge (sentencing judge) sentenced the defendant to nine to fifteen years in State prison, "[t]hree (3) years to be served, balance suspended." The sentencing judge separately imposed five years of probation.[2] On that same day, the defendant was "committed to the [Massachusetts] [T]reatment Center for the Sexually Dangerous at Bridgewater for a minimum of one day and a maximum of [l]ife." Such commitment was "to be served concurrently with the sentence imposed on Indictment CR12601."[3] The defendant's civil commitment to the Massachusetts Treatment Center ran past the expiration of his prison sentence.
In 2017, two qualified examiners determined that the defendant was no longer a sexually dangerous person. The defendant was subsequently released from civil confinement. On April 18, 2017, the defendant filed a motion to terminate his probation, arguing that his probation ran concurrently with his civil commitment and therefore his probation has been served.[4] The motion judge denied this motion, concluding that the defendant's probation would commence upon his release from his civil commitment as a sexually dangerous person and did not run concurrently with his civil commitment.
On appeal the defendant argues that the motion judge erred for two reasons. First, the defendant argues that the sentencing judge intended for the defendant's civil commitment to run concurrently with his imposed probation. Second, the defendant argues that the motion judge's order commencing the defendant's probation after his civil commitment violates his due process rights. We disagree and affirm the motion judge's order for the same reasons set forth in Commonwealth v. Sheridan, 51 Mass. App. Ct. 74, 76-79 (2001).
Order entered April 27, 2017, denying motion to determine probation status affirmed.

On the lower court docket, the State prison sentence was listed under "SENTENCE" and the probation term was listed separately under "PROBATION."

That indictment charged the defendant with the four counts of rape of a child under the age of sixteen.

The defendant's motion was labeled "Motion to Determine Probation Status," which the motion judge treated as a motion to terminate probation.